UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21179-Civ COOKE/BANDSTRA

KENIA PEREZ,

    Plaintiff
vs.

CITY OF MIAMI, *et al.*

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS III, V, VII AND VIII

THIS MATTER is before me on the City of Miami's and John Timoney's Motion to Dismiss. (ECF No. 7). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, the Defendants' Motion to Dismiss is granted.

### *I. BACKGROUND[1]*

This action was brought pursuant to 42 U.S.C. §§ 1983 and 1988 for injuries Plaintiff Kenia Perez ("Perez") suffered while she was in the custody of Defendant, Officer Michael Ragusa ("Ragusa"). Perez claims that Ragusa, while acting within the scope and authority as a police officer for the City of Miami, forcibly kidnapped Perez in his marked patrol car and "both physically and sexually assaulted and battered her" on March 19, 2007. On February 13, 2008, Ragusa pled guilty to six counts of kidnapping and six counts of sexual battery. According to Perez, the City of Miami and former Chief of Police John Timoney ("Timoney") enabled Ragusa to abuse his position of authority. In her Complaint, Perez asserts various causes of action against Ragusa, the City of Miami and Timoney for assault and battery (Count I), intentional

---

[1] These facts are taken from the Plaintiff's Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

infliction of emotional distress (Counts II and III), negligent hiring (Count IV), vicarious liability for negligence (Count V) and violation of 42 U.S.C. § 1983 (Counts VI, VII and VIII). The City of Miami and Timoney seek dismissal of Counts III, V, VII, and VIII and argue that the claims are barred by sovereign immunity, qualified immunity, or otherwise fail as a matter of law.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S.---, 129 S. Ct. 1937, 1949 (2009). While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. DISCUSSION

### A. Count III – Intentional Infliction of Emotional Distress

To prevail in an action for intentional infliction of emotional distress, a plaintiff must show that the defendant's conduct was intentional or reckless, the conduct was outrageous, the conduct caused emotional distress and that the emotional distress was severe. *Hart v. U.S.*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985)). Perez claims that the City of Miami and Timoney enabled Ragusa's reckless,

extreme and outrageous conduct and are, in turn, liable for intentional infliction of emotional distress. The City of Miami and Timoney argue that Count III should be dismissed because the claim is barred by the doctrine of sovereign immunity. I agree.

Florida law provides sovereign immunity to municipalities for wrongful conduct of a government officer, employee or agent. *See* Fla. Stat. § 768.28(9). Sovereign immunity bars individual claims against government officers, employees or agents, unless the actions complained of were committed in bad faith or in wanton and willful disregard of human rights, safety, or property. *Id.* Section 768.28(9)(a) provides in relevant part:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort…for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. … The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in any manner exhibiting wanton and willful disregard of human rights, safety, or property.

The "reckless conduct" required for intentional infliction of emotional distress "is the equivalent of [the] willful and wanton conduct" that invokes sovereign immunity. *See Williams v. City of Minnoela*, 619 So.2d 983, 986 (Fla. Dist. Ct. App. 1993) (barring intentional infliction of emotional distress claim brought against city because it required showing of recklessness, which is akin to wanton conduct, which invokes city's sovereign immunity under Fla. Stat. § 768.28(9)). Therefore, the doctrine of sovereign immunity shields the City of Miami from liability for intentional infliction of emotional distress.

To assert a viable cause of action for intentional inflection of emotional distress against Timoney, Perez must allege that his actions were committed in bad faith or with wanton and willful disregard of Perez's human rights, safety or property. The Complaint does not assert that

3

Timoney acted outside the scope of his employment, nor does is claim that Timoney acted in bad faith. Fla. Stat. § 768.28(9)(a). Accordingly, the Complaint does not state a plausible claim to relief for intentional infliction of emotional distress against Timoney.

### *B. Count V – Vicarious Liability for Negligence Against the City of Miami*

Perez claims that the City of was negligent in hiring Ragusa (Count IV) yet also attempts to hold the City of Miami vicariously liable for its own negligent actions (Count V). The vicarious liability of an employer for negligent acts committed by an employee should not be confused with the liability of an employer for its own negligence. Negligence is the failure to use reasonable care. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260 (11th Cir. 2001). Vicarious liability involves the imposition of liability on an employer for the actionable conduct of an employee based solely on the relationship between the two parties. *See Black's Law Dictionary* 1880 (9th ed. 2009). In other words, "a person is held negligent based on his or her own failure to exercise reasonable care, but a person is held vicariously liable based on another's failure to exercise reasonable care. It follows that the words 'negligent' and 'vicarious liability' are not interchangeable." *Nat'l R.R. Passenger Corp. v. Roundtree Transp. and Rigging, Inc.*, 286 F.3d 1233, 1262 (11th Cir. 2002).

In support of her claim for vicarious liability for negligence, Perez realleges "paragraphs 1 through 66, 68 through 70, 77 through 82, and 84 through 91." (*Compl.* ¶ 92.) Paragraphs 1 through 66 set forth the requisite factual which give rise to Perez's cause of action. Paragraphs 68 through 70 allege a claim for assault and battery against Ragusa. "An assault and battery is not negligence for such action is intentional, while negligence connotes an unintentional act." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 918 (11th Cir. 2004) (citing *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. Dist. Ct. App. 1996)). Paragraphs 77 through 82 allege a claim for intentional infliction of emotional distress against the City of Miami and Timoney.

4

Intentional infliction of emotional distress requires an intentional act and therefore cannot equate to a negligent act. *Hart*, 894 F.2d at 1548. Finally, paragraphs 84 through 91 relate to the alleged negligent actions of the City of Miami. The four corners of the Complaint fail to state a specific claim for negligence against someone other than the City of Miami that would allow Count V to survive a 12(b)(6) challenge.

### C. Counts VII - 42 U.S.C. § 1983 Claim Against Timoney

Timoney argues that Count VII should be dismissed because he is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a person responsible would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The immunity is not only a defense from personal liability for government officials sued in their individual capacities, but also a defense from suit. *See Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

On a motion to dismiss, the qualified immunity defense and the Rule 12(b)(6) standard are intertwined. *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir. 1995). A cause of action fails when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under qualified immunity, a defendant is immune from liability if the complaint fails to state a violation of a "clearly established statutory or constitutional right of which a reasonable person would have known." *Wooten*, 49 F.3d at 699 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Pearson v. Callahan*, 555 U.S. 223 (2009) (the application of qualified immunity requires a court to engage in a two-part analysis to determine whether the officer's conduct violated a constitutional right and whether that constitutional right was clearly established).

5

Perez alleges that Timoney is liable under § 1983 for his "failure to properly screen, select, train, supervise and/or discipline his police officers and/or agents and/or employees" and, as a result, Timoney "was deliberately indifferent" to Perez's constitutional rights. "It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dep't of Labor & Emp't Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)). A causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation" and he fails to do so, when the supervisor's "custom or policy results in deliberate indifference to constitutional rights," or when the facts alleged "support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinate would act unlawfully and failed to stop them from doing so. *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing *Cottone*, 326 F.3d at 1360). Perez, however, fails to allege facts to even remotely suggest that Timoney did anything more than supervise and discipline police officers. Perez claims there is a causal connection between Timoney's supervisory duties and Ragusa's actions yet fails to assert facts to support such a connection. Moreover, Perez does not allege that Timoney personally participated in the alleged constitutional violation, was aware that Ragusa committed unconstitutional acts in the past, or directed Ragusa to act unlawfully. In other words, Perez fails to allege facts that could even

remotely establish that Timoney caused the constitutional violation.

### D. Counts VII - 42 U.S.C. § 1983 Claim Against The City of Miami

There are limited circumstances where a municipality will be held liable for an employee's wrongful acts. A mere allegation that a municipality engaged in negligent hiring or failed to adequately train an employee does not confer liability. Rather, it is only when the 'execution of the government's policy or custom … inflicts the injury" that the municipality may be held liable under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The "official policy" must cause the constitutional violation. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Imposing liability without proof that a specific policy caused a particular constitutional violation "would open municipalities to unprecedented liability under § 1983." *City of Canton*, 489 U.S. at 391. The municipality must have known of the need to train in a particular area and must have made a deliberate choice not to take any action. *See Board of County Com'rs v. Brown*, 520 U.S. 397 (1997).

Perez fails to allege that a specific policy violated Perez's constitutional rights, that City of Miami knew that Ragusa committed constitutional violations in the past or that the City of Miami deliberately ignored the need to train Ragusa in a particular area. Absent proof that the City of Miami was aware of a prior incident in which constitutional rights were similarly violated, Perez's § 1983 claim against the City of Miami fails as a matter of law. *See Popham v. City of Talladega*, 908 F.2d 1561, 1564-65 (11th Cir. 1990) (finding no liability for failure to train when no pattern of incidents put the City on notice of a need to train).

### IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** as follows:

1. The Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**, consistent with

this order.

    2.    Count III, Count IV and Count VII are **DISMISSED** *with prejudice*.

    3.    Count VIII is **DISMISSED** *without prejudice*.

**DONE and ORDERED** in Chambers at Miami, Florida this 28th day of February 2011.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*